**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN RYAN STAUDENMEIER,

Plaintiff,

v. Case No. 3:26-cv-6-WWB-LLL

ARAMARK, et al.,

Defendants.

---

# ORDER

Plaintiff John Ryan Staudenmeier, an inmate of the Florida penal system, is proceeding in this action pro se on a Second Amended Complaint under 42 U.S.C. § 1983. (Doc. 17). Plaintiff sues nineteen Defendants for a wide variety of constitutional violations that allegedly occurred between September 2025 and April 2026 at Suwannee Correctional Institution and Florida State Prison. For example, Plaintiff claims that (1) in October 2025, Aramark Food Services charged him $20.32 for "hot food" but "failed to deliver"; (2) in November 2025, Chaplains J. Scott and T. Peterson refused Plaintiff's requests "as a Jewish man" to "be placed on the Religious Diet Program"; (3) in January 2026, Officer Jinkens placed Plaintiff on an "illega[l] property restriction" based on false allegations that he "broke a cell light"; (4) in February 2026, Nurse Marcato denied Plaintiff treatment for malnourishment and "hearing problem[s]"; and (5) in April 2026, Sgt. Pipman wrongfully confiscated Plaintiff's "personal and physical property." (*Id.* at 12–22). Based

on these (and other) allegations, Plaintiff seeks compensatory and punitive damages.[1] (*Id.* at 11).

Upon review, the Court concludes that the Second Amended Complaint must be dismissed because it improperly joins multiple, unrelated claims. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1). Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." "But a plaintiff may join multiple defendants in a single action only if the right to relief asserted against them arises 'out of the same transaction, occurrence, or series of transactions or occurrences' and if 'any question of law or fact common to all defendants will arise in the action.'" *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded [him], B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *Id.*

As the factual summary above makes clear, Plaintiff raises numerous unrelated claims, each of which "involve[s] a separate incident or incidents and a different

[1] After filing his Second Amended Complaint, Plaintiff submitted a complaint form with several grievances attached, explaining that the form "updates . . . the rights which were violated and what relief I'm seeking." (Doc. 27 at 1). It appears that the complaint form was intended to supplement the Second Amended Complaint. "The Court cannot consider both the Second Amended Complaint and [the latest filings] together because [Plaintiff] may not make 'piecemeal' amendments to his pleading." *Goldman v. U.S. Dep't of Educ.*, No. 1:24-cv-5655, 2025 WL 2889167, at *4 (N.D. Ga. Aug. 26, 2025). Thus, for screening purposes, the Court considers only the Second Amended Complaint.

defendant." *Gordon v. Manning*, No. 25-10513, 2026 WL 1747249, at *2 (11th Cir. June 17, 2026). Plaintiff "may not circumvent the [Prison Litigation Reform Act's] objective of deterring frivolous prisoner complaints by presenting multiple unrelated claims against multiple defendants in a single action." *Joseph v. Porter*, No. 2:26-cv-581, 2026 WL 1370957, at *1 (M.D. Fla. May 15, 2026). Therefore, the Second Amended Complaint will be dismissed without prejudice. *See Wilson v. Wright*, No. 2:23-cv-247, 2023 WL 2955853, at *1 (M.D. Fla. Apr. 14, 2023) (dismissing complaint without prejudice and with leave to amend because it "assert[ed] unrelated claims against multiple defendants").

Plaintiff will be afforded one final opportunity to amend his claims. If Plaintiff wishes to proceed with his claims, he should complete and file the enclosed civil rights complaint form. In completing the form, Plaintiff should include a short and plain statement of his claims, and he should factually describe how each named Defendant allegedly violated his rights. Vague and conclusory statements are insufficient. The factual allegations must be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff must choose one or more related claims to raise in the third amended complaint; any unrelated claims must be raised in a separate lawsuit. Plaintiff's third amended complaint must be complete, including all related claims he wishes to raise.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Second Amended Complaint (Doc. 17) is **DISMISSED without prejudice**.
2. If Plaintiff wishes to proceed in this case, he must file a third amended complaint on the Court's standard form within **TWENTY-ONE DAYS** from the date of this Order.

3. The Clerk is **DIRECTED** to send Plaintiff a copy of the Court's standard civil rights complaint form.

4. **Plaintiff is advised that the failure to fully comply with this Order within the time allotted will result in the dismissal of this action without further notice.**

**DONE AND ORDERED** in Jacksonville, Florida, on August 18, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-2

c:
John Ryan Staudenmeier